IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-03257-REB-BNB

JAMES R. GONGAWARE, and
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,

Plaintiffs,

v.

FERRELLGAS, INC., a Delaware corporation,
PW EAGLE, INC., a Minnesota corporation d/b/a JM EAGLE, and
J-M MANUFACTURING COMPANY, INC., a Delaware corporation, d/b/a JM EAGLE,

Defendants.

---

## AGREED PROTECTIVE ORDER

---

This matter came on before the Court on this _____ day of _____, 2012,

upon the application of the parties for an entry of an Agreed Protective Order relating to certain

documents produced by all parties in the pending United States District Court for the District of

Colorado, *James R. Gongaware and Liberty Mutual Fire Insurance Company vs. Ferrellgas, Inc.,*

*PW Eagle, Inc. d/b/a JM Eagle, and J-M Manufacturing Company, Inc. d/b/a JM Eagle*, Civil

Action No.: 11-CV-03257-REB-BNB, which contain proprietary and/or confidential information.

Upon consideration of the matter, the Court makes the following findings and orders:

The Court finds that the parties have agreed to the entry of this Order as a means of

expediting discovery of documents and information, which may be relevant herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

## I.  PROCEDURES FOR DETERMINING CONFIDENTIAL AND/OR PROPRIETARY STATUS

1.  Prior to production and disclosure, the producing party shall designate as "*Confidential and/or Proprietary Information Subject to Protective Order*" any such document, information, or material that it claims constitutes confidential, privileged, and proprietary information.  Any such documents and information so produced will then acquire "confidential and/or proprietary" status pursuant to this Order.

2.  The confidential and/or proprietary status accorded any documents, information or material produced pursuant to this Order shall remain in effect until further Order of this Court as to any such document, information or material.

3.  **A party may object to the designation of particular information as confidential and/or proprietary by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential and/or proprietary to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential and/or proprietary under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and/or proprietary and shall not thereafter be treated as confidential and/or proprietary in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as confidential and/or proprietary shall bear the burden of establishing that good**

**cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~Any party to this Agreed Protective Order may challenge a designation of confidential and/or proprietary status of any document, information, or material. The challenging party shall, within ten (10) days of receipt of the document, information, or material, make the challenge in writing to the party producing the document, information, or material pursuant to this Agreed Protective Order, setting forth the basis for the challenge to the designation of confidential and/or proprietary status. Within ten (10) days of receipt of the written challenge to any designation of confidential and/or proprietary status, the party producing the document, information, or material shall respond, in writing, to the challenging party the basis for the designation of confidential and/or proprietary status. The challenging party and the producing party then are obligated to meet and confer in good faith in an attempt to resolve disputes regarding the designation of confidential and/or proprietary status for any document, information, or material before any motion is filed by any party challenging the designation of confidential and/or proprietary status for any document, information or material.~~

IV.     **ORDERS REGARDING CONFIDENTIAL AND/OR PROPRIETARY DOCUMENTS OR THINGS**

With regard to those documents, information or materials, which are accorded "confidential and/or proprietary" status as set forth above, the following orders shall be in effect:

1.      Any party or its counsel receiving documents, information, and materials subject to this Order shall not provide copies of such documents, information or materials to any person or entity, not outlined below, without the written authorization of the producing party or its counsel.

2.      Confidential and/or proprietary documents, information or materials produced pursuant to this Order, and any copies thereof, may be disclosed to consultants, expert witnesses, deponents or witnesses, only to the extent such information is necessary for their testimony at trial, during the course of their preparation for their testimony at trial, the preparation for and taking of

their deposition testimony in forming opinions concerning this case and for review and analysis of this case.  Prior to the disclosure of such information or materials to a consultant, expert witness, deponent or witness, the attorney making such disclosure shall advise the deponent or witness to whom the documents, information or materials contained therein are to be disclosed that, pursuant to this Order, such deponent or witness may not divulge any such materials or the information contained therein to any other person, firm, or corporation, except pursuant to their testimony or to other attorneys involved in this litigation.  The attorney making the disclosure shall also provide the recipient of the confidential and/or proprietary documents with a copy of this Agreed Protective Order.  The attorney making the disclosure shall further obtain the express agreement of all recipients to be bound by the terms of this Agreed Protective Order and to be subject to the exclusive jurisdiction and venue of this Court or the Denver County District Court as a condition of accepting the documents or materials.  All recipients shall so agree by either signing a copy of the declaration in the form attached as Exhibit A, or, if during a deposition, then by oral declaration on the record in substantially the same language as Exhibit A.

3.     Confidential and/or proprietary documents, information, and materials may be disclosed in a discovery request or response to a discovery request, if necessary.

4.     Confidential and/or proprietary documents, information and materials may be disclosed in a motion, answer to a motion, brief or other pleading.  **Any request to restrict access to confidential and/or proprietary documents, information and materials must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~In that case, either (1) the motion, answer to the motion, brief or other pleading shall be kept under seal until further order of the Court or (2) the motion, answer to the motion, brief or other pleading shall refer to, but not disclose the confidential and/or proprietary documents, information and materials and the confidential and/or proprietary~~

~~documents, information and materials shall be separately filed and kept under seal until further order~~

~~of the Court.~~

5.      Confidential and/or proprietary documents, information and materials may be disclosed in a deposition.  If it is, the entire deposition, or each portion of the deposition relating to such documents, shall be designated at "Confidential and/or Proprietary" and shall not be disclosed to anyone other than the persons designated above.  ~~If filed, a deposition that contains confidential and/or proprietary documents, information and materials, shall be kept under seal.~~

6.      All counsel receiving documents, information, and materials subject to this Order shall maintain a list of names of each person who has heretofore been referenced in this Order, to whom confidential and/or proprietary documents, information and materials covered by this Order have been disclosed, and such list shall be made available to counsel for the producing party at the conclusion of this litigation.  This provision is intended to include experts, consultants, or other individuals that a party may utilize in prosecution of this litigation.  This provision is also intended to aid in the retrieval of any confidential and/or proprietary documents, information or materials.

7.      This Protective Order and its terms may be modified by any subsequent Protective Order to which all parties have agreed and which is entered by this Court.

8.      Within thirty (30) days of the conclusion of this action, whether by settlement or otherwise, the confidential and/or proprietary documents, information or materials produced pursuant to this Order, and any copies thereof, shall be returned to counsel for the producing party, or, alternatively, the counsel who is in possession of or who distributed the documents, information or materials may destroy them, and certify by letter to all counsel that the documents and materials have been destroyed.

9.      The documents produced to this Agreed Protective Order shall be used only for

purposes of this litigation and for no other purpose.

V.     ~~USE AT TRIAL~~

~~This Order shall have no effect on the offering or admission of documents or materials, produced pursuant to this Order, at trial.  But the Court shall designate any such documents and materials as "Confidential and/or Proprietary," and direct that they are to be maintained under seal and not to be made part of the public record.~~

Dated February 29, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

AGREED TO, with original signatures on file at respective offices:

s/ *Mark F. Krause*
Mark F. Krause, MO # 38644
Schlee, Huber, McMullen & Krause, P.C.
4050 Pennsylvania, Suite 300
P.O. Box 32430
Kansas City, MO 64171
Telephone: 816-931-3500

Richard A. Waltz, CO #11567
The Waltz Law Firm
1660 Lincoln St. #2510
Denver, Colorado 80264
Telephone: 303-830-8800
ATTORNEYS FOR DEFENDANT FERRELLGAS, INC.

s/ *David D. Piper*
David Duane Piper, CO #17005
Beck, Payne, Frank & Piper, P.C.
Suite 200, The Marketplace
3025 South Parker Road
Aurora, Colorado 80014
Telephone: 303-750-1567
COUNSEL FOR PLAINTIFF JAMES
GONGAWARE

s/ *Thomas M. Dunford*
Thomas Monroe Dunford
Cozen O'Connor
707 17th Street, Suite 3100
Denver, CO 80202-3400
Telephone: 720-479-3900
COUNSEL FOR PLAINTIFF LIBERTY MUTUAL INSURANCE
COMPANY

s/ *Andrew M. Unthank*
Mark Thomas Clouatre
Andrew M. Unthank, CO #36832
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, CO 80202-2817
Telephone: 303-244-1800
COUNSEL FOR PW EAGLE AND JM MANUFACTURING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-03257-REB-BNB

JAMES R. GONGAWARE, and
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,

Plaintiffs,

v.

FERRELLGAS, INC., a Delaware corporation,
PW EAGLE, INC., a Minnesota corporation d/b/a JM EAGLE, and
J-M MANUFACTURING COMPANY, INC., a Delaware corporation, d/b/a JM

EAGLE,

Defendants.

---

## DECLARATION REGARDING AGREED PROTECTIVE ORDER

---

I have read the Agreed Protective Order (the "Order") entered in this matter, and I understand and will abide by its terms and meanings.

I agree that my signature below binds me to the provisions of the Order and constitutes my consent to the exclusive jurisdiction and venue of either the United States District Court for the State of Colorado or the Denver County District Court for any disputes concerning the enforcement of the Order against me.

I declare under penalty of perjury under the laws of the State of _____, that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2012 at _____.

By:_____

**EXHIBIT A TO AGREED
PROTECTIVE ORDER**

242051v1