**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-03257-REB-BNB

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

FERRELLGAS, INC., a Delaware corporation,

    Defendant.

---

## ORDER

---

**Blackburn, J.**

    The matter before me is defendant Ferrellgas, Inc.'s **Combined Motion and
Brief in Support for Partial Judgment on the Pleadings** [#102],[1] filed October 31,
2012.  I grant the motion.

## I.  JURISDICTION

    I have jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity of
citizenship).

## II.  STANDARD OF REVIEW

    "A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as
a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  ***Mock v. T.G. & Y. Stores Co.***, 971
F.2d 522, 528 (10th Cir. 1992).  When ruling on a motion to dismiss pursuant to Fed. R.
Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient

---

    [1] "[#102]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF).  I use this
convention throughout this order.

to state a claim within the meaning of Fed. R. Civ. P. 8(a).  For many years, "courts followed the axiom that dismissal is only appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  Noting that this standard "has been questioned, criticized, and explained away long enough," the Supreme Court supplanted it in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).  Pursuant to the dictates of *Twombly*, I now review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974). "This pleading requirement serves two purposes:  to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim."  *Kansas Penn Gaming*, 656 F.3d at 1215 (citation and internal quotation marks omitted).

As previously, I must accept all well-pleaded factual allegations of the Amended Complaint as true.  *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted).  *See also Robbins v. Oklahoma*, 519

F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting *Twombly*, 127 S.Ct. at 1974) (internal citations and footnote omitted).  Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.  *See also Ridge at Red Hawk*, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.") (emphases in original).  For this reason, the complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 127 S.Ct. at 1965).  The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." *Robbins*, 519 F.3d at 1248.  Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

The nature and specificity of the allegations required to state a plausible claim will vary based on context and will "require[] the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950; *see also Kansas Penn Gaming*, 656 F.3d at 1215.  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City*

*and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127

S.Ct. at 1965) (internal quotation marks omitted).

### III. ANALYSIS

The facts of this case are well-known to the parties and need not be repeated at

length here.  Plaintiff brings this action as subrogee of its insured, whose home was

destroyed by a propane explosion.  Plaintiff has brought claims against defendant, who

installed the propane tank, for negligence and breach of contract.  Defendant now

moves for judgment on the pleadings, arguing that Colorado law prohibits plaintiff from

recovering for breach of a contract for services.

I concur.  Plaintiff's contract claim is premised on the notion that defendant

breached a duty to complete the installation in a good and workmanlike manner.

(*See* **Plf. First Am. Compl.** ¶¶ 34-35 at 4 [#49], filed March 28, 2012.)  Such a duty

constitutes an implied warranty of every contract of construction.  *See Shiffers v.*

*Cunningham Shepherd Builders Co.*, 470 P.2d 593, 598 (Colo. App. 1970) (citing

*Carpenter v. Donohoe*, 388 P.2d 399, 402 (1964)).  Under Colorado law, however, the

doctrine of implied warranties is inapplicable to service contracts.  *Samuelson v.*

*Chutich*, 529 P.2d 631, 633 (Colo. 1974) ("We regard it as the better part of wisdom not

to extend as a matter of law implied warranties from sales to service contracts.  We

believe it the better rule to limit liability to acts of negligence."); *see also Johnson-*

*Voiland-Archuleta, Inc. v. Roark Associates*, 572 P.2d 1220, 1221 (Colo. App. 1977).

Stated otherwise, "those who sell their services for the guidance of others in their

economic, financial, and personal affairs are not liable in the absence of negligence or

4

intentional misconduct."

> The services of experts are sought because of their special skill.  They have a duty to exercise the ordinary skill and competence of members of their profession, and a failure to discharge that duty will subject them to liability for negligence.  Those who hire such persons are not justified in expecting infallibility, but can expect only reasonable care and competence.  They purchase service, not insurance.

*Samuelson*, 529 P.2d at 633-34 (citation and internal quotation marks omitted).

There can be little doubt that the primary purpose of the contract between plaintiff's subrogor and defendant was for the provision of defendant's services in installing the propane tank properly, and plaintiff offers neither argument nor evidence to the contrary.  *See Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 174 (Colo. 1987); *Tile Design Studio, Inc. v. Rosendahl*, 1995 WL 761995 at *2 (Colo. App. Aug. 31, 1995).  *See also Colorado Carpet Installation, Inc. v. Palermo*, 668 P.2d 1384, 1388-89 (Colo. 1983) (outlining factors relevant to determining primary purpose of contract).  Indeed, the allegations of the Amended Complaint itself make it clear that the focus of the contract was defendant's services.  (*See* **Plf. First Am. Compl.** ¶ 35 at 4 (alleging that defendant breached contract "by selecting a defective component for installation in the propane delivery system, by failing to properly install the propane delivery system, and by failing to provide adequate direction and supervision to its employees").

For these reasons, I find and conclude that defendant's motion must be granted, and plaintiff's breach of contract claim dismissed.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant Ferrellgas, Inc.'s **Combined Motion and Brief in Support for Partial Judgment on the Pleadings** [#102], filed October 31, 2012, is **GRANTED**;

2.  That plaintiff's Second Claim for Relief (Breach of Contract – Ferrellgas), as set forth in **Plaintiff's First Amended Complaint** ¶¶ 32-36 at 4 [#49], filed March 28, 2012, is **DISMISSED WITH PREJUDICE**;

3.  That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, Ferrellgas, Inc., a Delaware corporation, and against plaintiff, Liberty Mutual Fire Insurance Company, a Wisconsin corporation, as to plaintiff's Second Claim for Relief (Breach of Contract – Ferrellgas), as set forth in **Plaintiff's First Amended Complaint** ¶¶ 32-36 at 4 [#49], filed March 28, 2012; and

4.  That the **Final Pretrial Order** [#163], filed January 15, 2013, is **MODIFIED** in conformity with this Order.

Dated January 18, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge