**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-03257-REB-BNB

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

FERRELLGAS, INC., a Delaware corporation,

    Defendant.

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Blackburn, J.**

    The matter before is defendant Ferrellgas, Inc.s' **Combined Motion and Brief in Support of Partial Summary Judgment on Plaintiffs'**[1] **Personal Property Damages Claims** [#108],[2] filed November 1, 2012.[3] I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Having reviewed the motion and response and the apposite arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine issues of material fact that are not

---

[1] This case originally included two party plaintiffs: the homeowner, James R. Gongaware, and Liberty Mutual Fire Insurance Company, as subrogee of Mr. Gongaware. After defendant filed the instant motion, Mr. Gongaware settled his claims against all defendants. (**See Order** [#124], filed December 4, 2012.) The only remaining plaintiff, therefore, is Liberty Mutual.

[2] "[#108]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[3] The issues raised by and inherent to the motion for partial summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. **Cf. FED. R. CIV. P.** 56(c) and (d). **Geear v. Boulder Community Hospital,** 844 F.2d 764, 766 (10th Cir.) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties), **cert. denied**, 109 S.Ct. 312 (1988).

appropriate for summary resolution.[4]

**THEREFORE, IT IS ORDERED** that defendant Ferrellgas, Inc.s' **Combined Motion and Brief in Support of Partial Summary Judgment on Plaintiffs' Personal Property Damages Claims** [#108], filed November 1, 2012, is **DENIED**.

Dated January 18 ,2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[4] Defendant's motion posits that plaintiff should not be able to seek recovery of its personal properly damages because it has presented no evidence of the fair market value of the items for which it paid the homeowner. Although as a general rule, fair market value is the appropriate measure of damages in cases involving damage to property, "there may be instances where diminution in value damages do not make the plaintiff whole and another measure of damages – cost of repair or replacement – may be more appropriate." *Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 827 (Colo. 2008). One such circumstance is where the repairs (or in this case, reparations) have already been made. *Id.* The question whether plaintiff's evidence of replacement costs is unreliable or speculative, as defendant further argues, clearly presents fact issues that cannot be resolved prior to trial.